UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:10-CV-1133 JCM (PAL)

CECIL G. ABREA and HELEN G. ABREA,

        Plaintiffs,

v.

BANK OF AMERICA CORPORATION, et al.,

        Defendants.

**ORDER**

Presently before the court is defendants Lenny Semis', Mirmelli Family Trust's, and Valdimir Rabinovich's motion to dismiss pursuant to FRCP 12(b)(6), or alternatively motion for summary judgment pursuant to FRCP 56. (Doc. #7). Plaintiffs responded (doc. #17), and defendants replied (doc. #22).

Plaintiffs Cecil and Helen Abrea were the owners of a Nevada property sold on May 26, 2010, at a public foreclosure sale to defendant JVL Capital, LLC. Movant-defendants Lenny Semis, Mirmelli Family Trust, and Vladimir Rabinovich are members of JVL ("JVL members").

Following the sale, the Abreas filed a complaint alleging five causes of action against defendants JVL, the JVL members, Recontrust Company, and Bank of America. Plaintiffs allege that defendants' representatives told plaintiffs that their foreclosure date had been postponed while their loan was reviewed under the Making Homes Affordable Program. However, during that time, plaintiffs allege that defendants' conspired to allow JVL Capital, LLC, to unlawfully purchase

**James C. Mahan**
**U.S. District Judge**

1  plaintiffs' home at a foreclosure sale.

2  Defendants JVL members now move to dismiss the complaint pursuant to Federal Rule of
3  Civil Procedure 12(b)(6) or alternatively, for summary judgment pursuant to Rule 56. Because the
4  case is still early in the pleadings stage, the court treats this motion as a motion to dismiss.

5  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
6  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
7  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
8  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
9  line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
10 at 557). However, where there are well pled factual allegations, the court should assume their
11 veracity and determine if they give rise to relief. *Id.* at 1950.

12 The court finds that the plaintiffs have not pleaded sufficient facts or law to sustain their
13 claims against the JVL members. Pursuant to Nevada and Arizona law, the members of a limited
14 liability company are not liable for the LLC's obligations solely based on membership status. *See*
15 NRS 86.371; *see also* ARS 29-651. Here, the complaint does not support holding the members
16 personally liable for the LLC's actions, because the complaint is devoid of specific facts tying
17 members to the causes of action. Additionally, the complaint fails to request relief based on an "alter
18 ego theory," as no facts indicate that a member "specifically directed or authorized the wrongful
19 acts." *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 785 (Cal. 1979).

20 These omissions are fatal, and the court finds that the complaint does not contain sufficient
21 factual matter to state a plausible claim for relief as to the JVL members.

22 Accordingly,

23 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants JVL members'
24 motion to dismiss (doc. #7) is hereby GRANTED without prejudice.

25 DATED September 23, 2010.

*[signature: James C. Mahan]*

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -